UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL TUCKER, | CASE NO. C14-1100 JLR |
| Plaintiff, | ORDER ON REVIEW OF MOTION FOR RECUSAL |
| v. | |
| UW-NEIGHBORHOOD CLINICS, | |
| Defendant. | |

On February 2, 2015, Plaintiff Carol Tucker filed a motion with the Court which included a request for the judge presiding in her matter, the Honorable James L. Robart, to recuse himself on grounds of bias. (Dkt. No. 33.) Upon review of the motion, Judge Robart declined to recuse himself. (Dkt. No. 34.) In accordance with the local rules of this district, Plaintiff's motion was referred to this court for a review of Judge Robart's refusal to recuse. LCR 3(e).

It appears that Plaintiff has requested the recusal of Judge Robart because she believes that his unfavorable rulings in her matter are evidence of impartiality and bias towards her. Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall

disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Plaintiff cites no other reason or evidence in support of her position that Judge Robart is biased against her other than her belief that Judge Robart is not ruling in her favor because he is biased (a belief she appears to attribute at least partially to the fact that Judge Robart was appointed by a Republican president).  If she believes that Judge Robart's rulings are legally erroneous, she is entitled to ask the Ninth Circuit Court of Appeals to overturn those rulings on any legitimate grounds she can articulate; she is not, however, entitled to have Judge Robart

1    removed from the case because she disagrees with his rulings, nor is Judge Robart required to

2    remove himself because Plaintiff is not pleased with how he ruled.

3         A judge's conduct in the context of pending judicial proceedings does not constitute the

4    requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the

5    judge received in the context of the performance of his duties.  Bias is almost never established

6    simply because the judge issued an adverse ruling.

7         In order to overcome this presumption, Plaintiff would have to show that facts outside the

8    record influenced decisions or that the judge's rulings were so irrational that they must be the

9    result of prejudice.  Plaintiff does not allege any facts outside the record that improperly

10   influenced the decisions in this matter.  A review of the rulings in this matter reveals no orders

     that were so outlandish or irrational as to give rise to an inference of bias.

11        The Court finds no evidence upon which to reasonably question Judge Robart's

12   impartiality and  AFFIRMS his denial of Plaintiff's request that he recuse himself.

13

14        The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

15        Dated this 3rd day of February, 2015.

16

17

18        Marsha J. Pechman

19        United States Chief District Judge

20

21

22

23

24

ORDER ON REVIEW OF MOTION FOR
RECUSAL- 3