UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL TUCKER, | CASE NO. C14-1100JLR |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL |
| v. | |
| UW-NEIGHBORHOOD CLINICS, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is *pro se* Plaintiff Carol Tucker's motion to proceed *in forma pauperis* ("IFP") on appeal to the Ninth Circuit Court of Appeals.  (Mot. (Dkt. # 40).) The court has reviewed Ms. Tucker's motion, the remainder of the record, and the applicable law.  Being fully advised, the court DENIES Ms. Tucker's motion.

//

//

ORDER- 1

## II.     BACKGROUND

Ms. Tucker initially filed her lawsuit alleging Defendants committed various violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), on July 18, 2014.  (*See* IFP Mot. (Dkt. # 1).)  Five days later, Magistrate Judge Mary Alice Theiler granted Ms. Tucker's motion to proceed IFP (IFP Order (Dkt. # 3)), and Ms. Tucker's initial complaint was filed that same day (Compl. (Dkt. # 4)).

On January 30, 2015, Ms. Tucker filed a motion for court-appointed counsel.  (1st Mot. (Dkt. # 30).)  On February 2, 2015, the court denied her motion.  (Order (Dkt. # 32).)

On February 2, 2015, Ms. Tucker filed a second motion (2d Mot. (Dkt. # 33)), which the court liberally construed as both (1) a motion for the court to disqualify itself under 28 U.S.C. § 455(a), and (2) a motion for reconsideration of the court's order denying her motion for court-appointed counsel (*see* Recusal Ord. (Dkt. # 34) at 1).  The court denied Ms. Tucker's motion to disqualify (*see generally id.*), referred that portion of her motion to the Chief Judge of the Western District of Washington pursuant to Local Rule LCR 3(e) (*see* Recusal Ord. at 4 (citing Local Rules W.D. Wash. LCR 3(e))), and reserved the portion of Ms. Tucker's motion seeking reconsideration of the court's prior order denying her motion to appoint counsel for disposition after final resolution of her motion for the court's recusal (*see id.* at 4, n.1).

On February 3, 2015, the Chief Judge of the Western District of Washington affirmed this court's denial of Ms. Tucker's motion for recusal and found "no evidence upon which to reasonably question [this court's] impartiality."  (Ord. on Review (Dkt.

1    # 35).)  On the same day, Ms. Tucker filed a second motion for reconsideration. (3d Mot.

2    (Dkt. # 36).)  This court then proceeded to consider both of Ms. Tucker's motions for

3    reconsideration of the court's prior order denying her motion for court-appointed counsel,

4    and denied them.  (Ord. Denying Recon. (Dkt. # 37).)

5            On February 5, 2015, Ms. Tucker filed a notice of appeal concerning the court's

6    order denying her motion for court-appointed counsel (Dkt. # 32), the court's order

7    denying her motion for the court to disqualify itself (Dkt. # 34), and the court's order

8    denying reconsideration of its prior order denying Ms. Tucker court-appointed counsel

9    (Dkt. # 37).  (*See* Not. of App. (Dkt. # 38) (titled: "Notice of Appeal of this Court's Order

10   Failing to Provide [IFP] Plaintiff with Pro Bono Legal Assistance and Failure of this

11   Court to Recuse Judge Robart . . .").)  On February 6, 2015, Ms. Tucker filed the present

12   motion seeking leave to proceed IFP on appeal.  (*See generally* Mot.)

13                               **III.    ANALYSIS**

14           A litigant who was previously permitted to proceed IFP may maintain such status

15   on appeal unless the district court certifies that the appeal is not taken in good faith or

16   finds that the party is not otherwise entitled to proceed IFP.  *See* Fed. R. App. P.

17   24(a)(3)(A).  Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be

18   taken [IFP] if the trial court certifies in writing that it is not taken in good faith."  For

19   purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or

20   fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d

21   548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on

22   appeal only if the appeal would not be frivolous).

ORDER- 3

1   Ms. Tucker has appealed two issues:  (1) the court's denial of her motion for

2   court-appointed counsel (initially and on reconsideration), and (2) the court's denial of

3   her motion to recuse itself.  (*See* Not. of App.)  Neither issue, however, is immediately

4   appealable.  The Ninth Circuit lacks jurisdiction over interlocutory appeals for

5   appointment of counsel in civil cases under 28 U.S.C. § 1915(e)(1).  *See, e.g.*, *Wilborn v.*

6   *Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) ("Because the denial of counsel in a

7   civil rights action . . . does not resolve an important issue completely separate from the

8   merits . . . , the order . . . . is not immediately appealable."); *Akmal v. Centerstance, Inc.*,

9   503 F. App'x 538, 538 (9th Cir. 2013) ("[W]e lack jurisdiction because the district

10  court's denial of [the plaintiff's] request for counsel is not immediately appealable.")

11  (citing *Kuster v. Block*, 773 F.2d 1048, 1049 (9th Cir. 1985) ("[B]ecause the order of the

12  district court does not resolve an important issue entirely separate from the merits of

13  appellant's case, we must dismiss for lack of jurisdiction.").  Likewise, the Ninth Circuit

14  ordinarily lacks jurisdiction over appeals from the denial of a motion seeking the court's

15  recusal.  *See, e.g., United States v. State of Wash.*, 573 F.2d 1121, 1122 (9th Cir. 1978)

16  ("Since the district court's ruling on the motion [to disqualify] was not a final order under

17  28 U.S.C. § 1291 nor an order under 28 U.S.C. §292(b), the appeal should be

18  dismissed."); *Baltuff v. United States*, 35 F.2d 507, 507-08 (9th Cir. 1929) (holding that

19  there is no appellate jurisdiction over an interlocutory order denying a motion for

20  recusal).[1]  Because the Ninth Circuit lacks jurisdiction over the interlocutory orders from

21  _____

22  [1] In exceptional cases, when the disqualification issue is significant, the Ninth Circuit

ORDER- 4

1  which Ms. Tucker appeals, the court finds that any IFP appeal of those interlocutory

2  orders by Ms. Tucker would not be in "good faith" under 28 U.S.C. § 1915(a)(3).

3  Therefore, the court DENIES Ms. Tucker's motion to proceed IFP on appeal.

4  **IV.    CONCLUSION**

5       For the reasons stated above, the court ORDERS as follows:

6       (1)    The court DENIES Ms. Tucker's motion for leave to proceed IFP on appeal

7  (Dkt. # 40);

8       (2)    The court CERTIFIES that any IFP appeal by Ms. Tucker from the court's

9  order denying her motion for court-appointed counsel (Dkt. # 32), the court's order

10  denying her motion for recusal (Dkt. 34), or the court's order denying her motion for

11  reconsideration of the court's earlier order concerning court-appointed counsel (Dkt.

12  # 37), would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3);

13       (3)    The court DIRECTS the Clerk to notify Ms. Tucker and the Ninth Circuit

14  Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4);

15  and

16       (4)    Ms. Tucker may file a motion for leave to proceed IFP on appeal in the

17  Ninth Circuit Court of Appeals within thirty (30) days after service of the notice of this

18

19

20

21

22

---

Court of Appeals may treat an appeal as a petition for a writ of mandamus and decide the merits of the disqualification issue. *State of Wash.*, 573 F.2d at 1122-23 (citing *Gladstein v. McLaughlin*, 230 F.2d 762 (9th Cir. 1955) (ruling that mandamus is the proper remedy for an attorney, who has been ordered by a federal district judge to show cause why the court should not disbar or suspend him from practice in that court and who asserts that district judge does not have jurisdiction to entertain the proceeding because of the judge's alleged personal bias and prejudice against attorney).  Such exceptional circumstances do not exist here.

Order as prescribed in Federal Rule of Appellate Procedure 24(a)(4).  *See* Fed. R. App. P. 24(a)(5).

Dated this 10th day of February, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 6